GARCIA-DAVIS-SCHEUERMAN, INC.
v.
AUDUBON CHEMICAL CO.

(June 20, 1927.   Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Bills and Notes— Par. 152, 153, 154, 158.**

The maker of a rent note has the entire day of maturity to pay it and default thereon is not proved, where the evidence shows that the note was presented at lunch hour on the day it became due and the messenger was told to call for the check later in the afternoon, but failed to do so, although the attorneys for both parties had agreed that the check would be accepted later.

2. **Louisiana Digest—Landlord and Tenant —Par. 102.**

Under such circumstances, where debtor is not given notice or demand on date

of maturity, obtention the next morning of a writ of provisional seizure for the total amount of rent for unexpired term plus ten per cent attorney's fees is illegally obtained, and a judgment dissolving the writ and granting attorney's fees for its dissolution will be maintained.

Appeal from Civil District Court, Division "E". Hon. Wm. H. Byrnes, Judge.

Action by Garcia Davis-Scheuerman, Inc., against Audubon Chemical Company.

There was judgment for plaintiff in rule and defendant in rule appealed.

Judgment affirmed.

Jos. H. Brewer, W. A. Greer, of New Orleans, attorneys for defendant in rule, appellant.

C. S. Hebert, Jewell A. Sperling, of New Orleans, attorneys for plaintiff in rule, appellee.

JONES, J.    This is an appeal by plaintiff from a judgment making absolute a rule by defendant to show cause why a writ of provisional seizure should not be dissolved and damages awarded for wrongful issue of writ.

The sole issue is whether a certain rent note, due July 1st, 1924, was presented for payment on that day and whether default in said payment was proved.

The attorney for defendant in rule argues that this provisional seizure suit for three hundred forty and 00-100 ($340.00) dollars, plus ten per cent attorney's fees, the total amount of rent for unexpired term, filed on July 2nd, 1924, is legally well founded, because he had sent the note to the office of the sublessee on the afternoon of July 1st, about 1 P. M., where the messenger had been told that the officers were then out for lunch and he must return later in the afternoon.

In support of this argument he quotes from Corpus Juris, Vol. 8, p. 547, Sec. 759, as follows:

"Although the maker of a note or acceptor of a bill has the entire day of maturity in which to pay the same, it is not necessaray to wait until the last moment to present it and to demand payment, but it may be presented for payment at any reasonable hour of the day of maturity and, if payment is refused, it may be protested and notice of dishonor given at once: The hour at which the presentment is made must be, however, a reasonable hour."

It is thus seen that the maker of the note has the entire day of maturity for payment and that the presentment must be made at a reasonable hour.

Even if the testimony to above facts was all that the record contained on presentment for payment and refusal, we doubt that justification for suit the next day would be proved, but the evidence shows that about 2 P. M. that day defendant went to the bank where the rent notes had hitherto been left for collection in order to pay it and found out that the notes were no longer there; that he then notified his attorney, who at once telephoned plaintiff's attorney to send to defendant's office for the check.

This gentleman testified and his testimony is uncontradicted, that plaintiff's attorney said that his clerek was then out of the office, but that he would send him for the check at 4:30 P. M., would deposit it the next morning and would deliver the rent note as soon as the check went through the clearing house.

The evidence further shows that the check was not sent for that afternoon, although one of defendant's officers waited at the agreed place until 5:15 P. M. in order to deliver it, and that on the morning of July 2nd the amount of the note was tendered in currency, but was refused, because an attorney's fee of ten per cent was not included in the amount tendered.

Under the circumstances clearly established by the evidence, we agree with the trial judge in his conclusion that the writ of provisional seizure should be dissolved and plaintiff should pay a reasonable fee to defendant's attorneys for their services in securing the dissolution thereof. The trial judge fixed this fee at seventy-five and 00-100 ($75.00) dollars, and we consider the amount reasonable in view of the amount claimed and the services rendered.

For above reasons the judgment is affirmed.